UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MELECIO RODRIGUEZ MEDINA,<br><br>　　　　Defendant. | 4:21-CR-40159-02-KES<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

　　　　Defendant, Melecio Rodriguez Medina, filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 141. Plaintiff, the United States of America, opposes Medina's motion. Docket 143. For the following reasons, Medina's motion for a sentence reduction is denied.

## DISCUSSION

　　　　The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

　　　　"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Medina's Guidelines range, based on a total offense level of 38 and a Criminal History Category of II, was 262-327 months in custody. Docket 91 ¶ 50. Medina committed the offense while under a criminal justice sentence, but because he received less than 7 criminal history points, he received no additional "status points" *Id.* ¶ 36. On March 11, 2024, the court sentenced Medina to 327 months in custody for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 95; Docket 96 at 1-2.

On February 25, 2025, Medina filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 141. He asserts that he qualifies for a sentence reduction under Amendment 821, Part A, which modified U.S.S.G. § 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice

2

sentence. *Id.* at 1.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Medina does not qualify for a reduction because he was already sentenced under the amended provision in U.S.S.G. § 4A1.1(e)—he did not receive any "status points" for committing his offense while under any criminal justice sentence. Docket 91 ¶ 36. Thus, Medina's request for a sentence reduction under U.S.S.G. § 4A1.1(e) is denied.

## CONCLUSION

It is ORDERED that Medina's motion (Docket 141) is DENIED.

Dated March 27, 2025.

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE